No.  91-048

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

ROWLAND THROSSELL,

      Petitioner and Appellant,

-vs-

BOARD OF TRUSTEES OF GALLATIN COUNTY SCHOOL DISTRICT NO. 7,
BOZEMAN, MONTANA,

      Defendant and Respondent.

FILED

MAY 30 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Gregory O. Morgan, Bozeman, Montana.

     For Respondent:

     Donald E. White; White & Seel, Bozeman, Montana.

Submitted on briefs : April 18, 1991

Decided:  May 30, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

A retired school administrator brought this action claiming that he was entitled to benefits under the Bozeman Public Schools' Voluntary Career Option Plan, offering retirement benefits identical to those afforded teachers. The District Court for the Eighteenth Judicial District, Gallatin County, denied the administrator such benefits and he now appeals. We affirm.

The sole issue on appeal is whether the District Court erred in holding that Mr. Throssell, as an administrator, was not entitled to Option Plan benefits under his contract?

School District No. 7 of Gallatin County hired Mr. Throssell in 1976 as Senior High Vice Principal. His contract provided that he receive fringe benefits the same as "all other benefits equal to those offered to other certified employees of the District . . . unless otherwise addressed in this contract".

In 1983, Mr. Throssell gave notice of his intent to retire at the end of the 1984 academic year. In April 1984, the School District adopted the Bozeman Public School's Voluntary Career Option Plan (Option Plan). The Option Plan speaks of "out-of-district", "in-district", and "district credited" service. The controversy here involves "district-credited" service. The Option Plan provides in part:

> For the purpose of this program, the term **teacher** shall **be as defined in the Collective Bargaining Agreement between School Dist. #7 and the Bozeman Education System.**
> . . .
> The amounts of payment involved are strictly dependent upon the number of years of **district-credited** service. (Emphasis added).

2

The Collective Bargaining Agreement defines "teacher" as follows:

> Unless otherwise indicated the terms "teacher" or "teachers," when used in this agreement, refer[s] to . . .
>
> . . .
>
> all employees who are certified in Class 1, 2, 4, or 5 as provided in Section 20-4-106, MCA, whose positions require certification and all other employees who are required to be licensed to perform educational services of a professional nature **but shall exclude all supervisory employees, e.g., the superintendent, assistant superintendent, principals and assistant principals, . . .** (Emphasis added).

Prior to retiring, Mr. Throssell applied for benefits under the Option Plan. The School District trustees denied his application for benefits under the Option Plan upon two grounds: (1) As an administrator in the School District he was specifically excluded from the benefits of the Option Plan; and (2) he would not be entitled to compensation under the Option Plan as he had only eight years of in-district credit with the School District. Thirteen years of district-credited service are needed to qualify for the Option Plan.

Mr. Throssell appealed the case to the Gallatin County Superintendent of Schools. The County Superintendent found that the Option Plan would be a benefit included in Mr. Throssell's last contract in 1983 but that it was necessary to have at least thirteen years of district-credited service for a teacher to qualify under the Option Plan. She further found that the provisions of the school's collective bargaining agreement allowing a maximum number of seven years of district-credited service applies only to "teachers" hired during the term of the collective

3

bargaining agreement dated July 1, 1983, through June 30, 1984. She concluded that Mr. Throssell had eight years of in-district service but that neither his 1976 nor his 1983 contracts contained any provision granting him credit for any out-of-district service. Thus, his claim was again denied.

Mr. Throssell appealed to the State Superintendent of Public Instruction (State Superintendent) who held that Mr. Throssell was entitled to benefits if he were qualified. The State Superintendent affirmed the County Superintendent's decision. Subsequently, Mr. Throssell appealed the decision to the District Court pursuant to § 2-4-702, MCA.

The District Court found that the County Superintendent and the State Superintendent committed an error of law by considering only part of the definition of the term "teacher" as used in the Option Plan, and failing to consider specific language in the definition:

> [The Option Plan] . . . shall exclude all supervisory employees, e.g., the Superintendent, Assistant Superintendent, Principals and Assistant Principals, . . .

Thus, the District Court held that as an Assistant Principal, Mr. Throssell was not eligible to receive Option Plan benefits because he was specifically excluded by the language of the Option Plan. Mr. Throssell appeals the District Court's decision.

Did the District Court err in holding that Mr. Throssell, as an administrator, was not entitled to Option Plan benefits under his contract?

Two factors must be met before Mr. Throssell can receive

4

benefits. First, he must be an employee "eligible" under the Option Plan to receive such benefits. Second, if he is eligible, he must meet a minimum requirement of thirteen years of district-credited service so that he may actually receive the benefits.

The District Court concluded that Mr. Throssell was not eligible for coverage. We disagree. Mr. Throssell's contract provided that he receive the following fringe benefits (in part):

> A. Full family health, dental and vision Insurance. **All other benefits equal to those offered to other certified employees of the District** which includes <u>but is not limited to</u> Maternity Leave, Emergency Leave, Leave for Civic Duties, Personal Leave and Leaves of Absence, **unless otherwise addressed <u>in this contract</u>**. (Emphasis added).

Nowhere does the contract otherwise provide that Mr. Throssell should not receive benefits equal to those offered to other certified employees. The District Court's reference to the Collective Bargaining Agreement's definition of teacher was correct. However, it must also consider Mr. Throssell's individual contract which allows "all other equal benefits". We therefore reverse the District Court's conclusion that Mr. Throssell is not entitled to benefits under the Career Option Plan.

Mr. Throssell's record of service card showed the number "11" in the "out" column. Throssell contends that the School District credited him with eleven years of out-of-district service on the permanent record card and thus, he is entitled to benefits under the Option Plan.

The State Superintendent addressed that argument as follows:

> The <u>maximum</u> number of years out-of-district service a "new teacher" could be credited is seven years. A

5

decision on the actual number of years of out of district service credited to a new teacher is made by the District at the time of hire. The new teacher's placement on the salary matrix requires the District to decide how many years of out-of-district service it will credit to a new teacher. The term "district-credited" requires action on the part of the District. The District may credit a new teacher with zero through seven years of out-of-district service.

As the County Superintendent concluded, Mr. Throssell was not a "new teacher" when he entered into his final contract in 1983. The 1983 contract does not contain a provision granting credit to Mr. Throssell for any out-of-district service. Therefore, district-credited service for new teachers under the 1983 - 1984 Collective Bargaining Agreement is not a benefit to which Mr. Throssell would be entitled under his 1983 contract because he was not a "new teacher" in 1983. For this reason, the County Superintendent and the State Superintendent concluded that Mr. Throssell did not meet the requirement for a minimum of thirteen years of district-credited service to qualify for the Option Plan. The scope of review of administrative decisions is somewhat limited. See § 2-4-704(2), MCA.

> Our function as an appellate court reviewing an administrative decision is not to substitute our judgment for that of the County [or State] Superintendent but rather to review the whole record to determine if the administrative findings are clearly erroneous or if the County Superintendent's [or State Superintendent's] conclusions of law constitute an abuse of discretion.

Harris v. Cascade County School Dist. No. 6 and F (1990), 241 Mont. 274, 277, 786 P.2d 1164, 1166. After reviewing the record, we conclude that the County and State Superintendents' findings are not clearly erroneous nor were the conclusions of law an abuse of

6

discretion, and affirm their conclusion that Mr. Throssell did not meet the thirteen year minimum requirement.

While we affirm the final holding of the District Court that Mr. Throssell will not receive Option Plan benefits, we disagree with the basis for its decision. As previously stated, Mr. Throssell's contract specifically provided that he receive "all other equal benefits" equal to those offered to other certified employees of the District. Thus, we hold that in this case, under Mr. Throssell's contract he was eligible to receive Option Plan benefits if he satisfied the thirteen year minimum requirement of district-credited service. We agree that the record supports the conclusions of the Superintendents that he did not.

We affirm the District Court's denial of benefits to the plaintiff.

_____
                                    Justice

We Concur:

_____
       Chief Justice

_____

_____

_____
       Justices

7

May 30, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:


Gregory O. Morgan
Attorney at Law
P.O. Box 1530
Bozeman, MT  59715

Donald E. White
White & Seel
1800 W. Koch, Ste. 9
Bozeman, MT   59715


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy